IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEANDER J. GREGG,

                                                                           OPINION AND ORDER

                  Plaintiff,

                                                                            19-cv-133-bbc

     v.

THE STATE OF WISCONSIN, EAU CLAIRE
COUNTY JAIL, CORRECT CARE SOLUTIONS,
OFFICER J. KERNS, OFFICER OATES and DAVID P., RN,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff LeAnder J. Gregg filed a civil action under 42 U.S.C. § 1983, contending that staff at the Eau Claire County jail violated his constitutional rights by giving him another inmate's medication and then refusing to send him to the hospital. His complaint is before the court for screening under 28 U.S.C. § 1915A. For the reasons below, I conclude that plaintiff's allegations do not support a constitutional claim against any defendant. Accordingly, I will dismiss this case.

OPINION

      On July 18, 2018, while plaintiff was incarcerated at the Eau Claire County jail, defendant Officer Oates gave plaintiff medication in a cup. Plaintiff took the medication and, about 30 minutes later, started having stomach pain. Plaintiff used the emergency phone to call the on-duty nurse, defendant David P., who stated that the medication cups had not been labeled and that Officer Oates had given plaintiff medication belonging to

1

another inmate with a similar name. David P. said the medication could be causing the stomach pain and offered plaintiff a slice of pizza to ease the symptoms. However, defendant Officer Kerns stated that plaintiff could not have the pizza. Kerns also denied plaintiff's request to be sent to the hospital.

Plaintiff says that he would like to bring claims under the constitution and state law. Plaintiff's allegations implicate either the Eighth or Fourteenth Amendments, both of which impose duties on government officials regarding the safety and well-being of individuals in their custody. The Eighth Amendment "prohibits the infliction of 'cruel and unusual punishments' on those convicted of crimes." Wilson v. Seiter, 501 U.S. 294, 297 (1991). A prison or jail official violates the Eighth Amendment if the official acts with "deliberate indifference" to a "substantial risk of serious harm" to an inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Fourteenth Amendment applies to claims brought by pretrial detainees, who are not convicted prisoners. Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015). A prison or jail official violates the Fourteenth Amendment if the official's actions are "objectively unreasonable." Id.; Miranda v. County of Lake, 900 F.3d 335, 350-53 (7th Cir. 2018). This means that the official acted (1) purposefully, knowingly or recklessly when considering the consequences of his or her actions on plaintiff; and (2) the actions were unreasonable in light of the totality of the circumstances. Miranda, 900 F.3d at 352-53. A showing of negligence or even gross negligence is not sufficient under either the Eighth or Fourteenth Amendment. Id.

I cannot determine what standard applies to plaintiff's case because he does not say

2

whether he had been convicted and was serving a sentence at the Eau Claire County jail in July 2018, or whether he was being held as a pretrial detainee. However, plaintiff's allegations are not sufficient to state a claim for relief under either standard. There may be some circumstances in which a jail official's act of administering the wrong medication to an inmate would support a constitutional claim. For example, an inmate may state an Eighth or Fourteenth Amendment claim if he alleges that a jail official provided the wrong medication intentionally, routinely or with such carelessness or recklessness that it appeared the official was failing to take reasonable precautions when distributing medications.

However, in this instance, plaintiff's allegations do not suggest that any of the individual defendants acted with deliberate indifference or took actions that were objectively unreasonable. He alleges only that defendant Oates made one error in distributing medication and that defendant Nurse David P. erred by failing to label the medication cups. His allegations concern a single instance in which an officer mistakenly delivered medication to an inmate that was intended for a different inmate with a similar name. These allegations suggest negligence at the most and do not support a claim of deliberate indifference or objective unreasonableness.

Moreover, plaintiff's allegations that defendant Kerns would not send him to the hospital or let him eat pizza do not support constitutional claims. Although plaintiff says he had stomach pain, his allegations do not suggest that he needed any medical treatment, let alone emergency medical treatment at a hospital. Plaintiff does not specify which medication he took or include any allegations suggesting that the single dose of medication

3

presented a substantial risk of serious harm or even caused him extended discomfort. His allegations suggest that the medical provider on staff, David P., did not think plaintiff needed medical treatment and that his pain would likely resolve after plaintiff ate something or waited for a reasonable period of time. For all of these reasons, plaintiff has failed to state a constitutional claim.

ORDER

IT IS ORDERED that this case is DISMISSED for plaintiff LeAnder J. Gregg's failure to state a federal claim upon which relief may be granted. A strike shall be recorded in accordance with 28 U.S.C. § 1915(g). The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 20th day of May, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge