IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEANDER J. GREGG,

                                                                                   OPINION AND ORDER

                      Plaintiff,

                                                                                    19-cv-133-bbc

     v.

THE STATE OF WISCONSIN, EAU CLAIRE
COUNTY JAIL, CORRECT CARE SOLUTIONS,
OFFICER J. KERNS, OFFICER OATES and DAVID P., RN,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       On May 20, 2019, I dismissed this case brought by pro se plaintiff LeAnder J. Gregg against staff at the Eau Claire County jail because plaintiff's allegations did not support a constitutional claim against any defendant. Dkt. #11. In his complaint, plaintiff alleged that while he was incarcerated at the Eau Claire County jail, defendant Officer Oates gave him medication belonging to another inmate. After he took the medication, plaintiff started having stomach pain and called the on-duty nurse, defendant David P., who stated that the medication cups had not been labeled and that Oates had given plaintiff medication belonging to another inmate with a similar name. David P. said the medication could be causing the stomach pain and offered plaintiff a slice of pizza to ease the symptoms. However, defendant Officer Kerns stated that plaintiff could not have the pizza. Kerns also denied plaintiff's request to be sent to the hospital. I concluded that plaintiff's allegations suggested that defendants acted negligently, at the most, and did not support a claim of deliberate indifference under the Eighth Amendment or objective unreasonableness under

1

the Fourteenth Amendment.

Plaintiff has now filed a motion for reconsideration and for leave to supplement his complaint. Dkt. #13. He requests permission to supplement his complaint with allegations that (1) nursing staff and security staff took no precautions to insure that medications were given to the correct inmates; (2) the medication that plaintiff was given by mistake was an antibiotic; (3) plaintiff is allergic to most antibiotics; (4) plaintiff's allergy was noted in his jail medical file; (5) plaintiff had a severe allergic reaction to the antibiotic; (6) Officer Kerns never asked nursing staff whether plaintiff should go to the hospital; and (7) plaintiff's allergic reaction lasted for several days and caused him extreme discomfort.

Plaintiff's new allegations are sufficient to state a claim under the Eighth and Fourteenth Amendments against defendants Officer Kerns, Officer Oates and Nurse David P. As discussed in the previous screening order, it is not clear whether plaintiff's claims fall under the Eighth Amendment, which protects convicted prisoners from cruel and unusual punishment, or the Fourteenth Amendment, which applies to claims brought by pretrial detainees. A prison or jail official violates the Eighth Amendment if the official acts with "deliberate indifference" to a "substantial risk of serious harm" to an inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994). A prison or jail official violates the Fourteenth Amendment if the official's actions are "objectively unreasonable." Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015); Miranda v. County of Lake, 900 F.3d 335, 350-53 (7th Cir. 2018). This means that the official acted (1) purposefully, knowingly or recklessly when considering the consequences of his or her actions on plaintiff; and (2) the

2

actions were unreasonable in light of the totality of the circumstances.  <u>Miranda</u>, 900 F.3d at 352-53.  A showing of negligence or even gross negligence is not sufficient under either the Eighth or Fourteenth Amendment.  <u>Id.</u>

Plaintiff's allegations that medical and security staff failed to take reasonable measures to insure that medications were delivered to the right inmates suggest that defendants Oates and David P. disregarded the risk that plaintiff and other inmates could suffer serious consequences from taking another inmate's medication.  This is particularly true with respect to plaintiff, who has a severe antibiotic allergy that was documented in his medical file.  Plaintiff's allegations also suggest that defendant Kearns disregarded plaintiff's need for medical attention by failing to check with medical staff about whether plaintiff should go to the hospital or receive other treatment for his severe allergic reaction.  Therefore, plaintiff may proceed with constitutional claims against David P., Oates and Kearns.

Plaintiff will have to conduct discovery to learn the full name of David P.  Early in this lawsuit, Magistrate Judge Stephen Crocker will hold a preliminary pretrial conference at which he will discuss with the parties the most efficient way to identify David P. and will set a deadline within which plaintiff is to amend his complaint to include the identify of the unnamed defendant.

Plaintiff may also proceed against Correct Care Solutions, which was responsible for managing health care at the jail.  An entity such as a county or a company acting under color of law may be held liable for a constitutional violation under § 1983 if it maintains a policy

3

or custom that is "the direct cause or moving force behind the constitutional violation." Woodward v. Correctional Medical Services of Illinois, Inc., 368 F.3d 917, 926–27 (7th Cir. 2004). See also Glisson v. Indiana Dep't of Corrections, 849 F.3d 372, 378–79 (7th Cir. 2017) ("[A] private corporation that has contracted to provide essential government services is subject to at least the same rules that apply to public entities."). Plaintiff's allegations suggest that Correct Care Solutions may have been responsible for a training policy or custom that caused medical staff to deliver incorrect medications to inmates.

However, plaintiff's allegations do not state a claim against the State of Wisconsin or Eau Claire County jail. The State of Wisconsin is not implicated by plaintiff's allegations because Eau Claire County, not the state, administers the jail, and plaintiff does not include any allegations suggesting that any state employee was involved in violating his constitutional rights. Additionally, the State of Wisconsin is not a proper defendant for a § 1983 action. Smith v. Gomez, 550 F.3d 613, 618 (7th Cir. 2008). The "Eau Claire County jail" is also not a suable entity for purposes of § 1983, because the jail is just a building and not a legal entity. Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012).

ORDER

IT IS ORDERED that

1. Plaintiff LeAnder J. Gregg's motion for reconsideration, dkt. #13, is GRANTED, and the judgment is VACATED. The clerk of court is directed to REOPEN this case.

2. Plaintiff is GRANTED leave to proceed on his claims that defendants Officer Kerns, Officer Oates, Nurse David P. and Correct Care Solutions violated his rights under the Eighth or Fourteenth Amendments by giving him the wrong medication and failing to provide him appropriate medical treatment afterward.

3. Plaintiff is DENIED leave to proceed on any other claim. The State of Wisconsin and Eau Claire County jail are dismissed from this case.

4. The clerk of court is directed to forward copies of plaintiff's complaint, motion for reconsideration, completed summons forms and this order to the United States Marshal for service on defendants.

5. For the time being, plaintiff must send the defendants a copy of every paper or document he files with the court. Once plaintiff has learned what lawyer will be representing the defendants, he should serve the lawyer directly rather than the defendants. The court will disregard any documents submitted by plaintiff unless plaintiff shows on the court's copy that he has sent a copy to the defendants or to defendants' attorney.

6. Plaintiff should keep a copy of all documents for his own files. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of his documents.

7. If plaintiff is transferred or released while this case is pending, it is his obligation to inform the court of his new address. If he fails to do this and defendants or the court are unable to locate him, his case may be dismissed for failure to prosecute.

Entered this 14th day of August, 2019.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge