IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEANDER J. GREGG,

                                   OPINION AND ORDER

             Plaintiff,

                                   19-cv-133-bbc

     v.

CORRECT CARE SOLUTIONS,
OFFICER J. KERNS, OFFICER OATES
and DAVID P., RN,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff LeAnder J. Gregg is proceeding on claims under the Eighth and Fourteenth Amendments that staff at the Eau Claire County jail gave him medication belonging to another inmate and then refused to provide him medical treatment after he suffered adverse affects. Now before the court is plaintiff's motion to add claims against Sheriff Ron Kramer, the State of Wisconsin and Eau Claire County jail to his case. Dkt. #25. I will deny the motion.

      As I explained in a previous order, plaintiff's allegations do not state a claim against the State of Wisconsin or Eau Claire County jail. Dkt. #14 at 4. The State of Wisconsin is not implicated by plaintiff's allegations because it is Eau Claire County, not the state, that administers the jail, and plaintiff does not include any allegations suggesting that any state employee was involved in violating his constitutional rights. Additionally, the State of Wisconsin is not a proper defendant for a § 1983 action. Smith v. Gomez, 550 F.3d 613, 618 (7th Cir. 2008). The "Eau Claire County jail" is also not a suable entity for purposes of

1

§ 1983, because the jail is just a building and not a legal entity. Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012).

Plaintiff's allegations also do not state a claim against Sheriff Kramer. Plaintiff contends that because Kramer is responsible for operations of the jail, he should be liable for his subordinates' actions. However, a supervisor may be held liable for a constitutional violation only if "the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent." Wilson v. Warren County, Illinois, 830 F.3d 464, 469 (7th Cir. 2016). In other words, the supervisor must have caused or participated in the alleged unconstitutional action. Kuhn v. Goodlow, 678 F.3d 552, 555–56 (7th Cir. 2012). Plaintiff's allegations do not suggest that Kramer had control over medication distribution or medical care or that he was personally responsible for any of the alleged conduct that harmed plaintiff. Therefore, plaintiff may not proceed with claims against Kramer, Eau Claire County jail or the state.

Plaintiff has also filed a motion for court assistance in recruiting counsel. Dkt. #26. He states that he would like the assistance of a lawyer to "make sure [his] current complaint is filed correctly." Id. at 1. I will deny this motion because plaintiff has not attempted to recruit counsel on his own and he has not shown that he needs the assistance of counsel to litigate this case.

A pro se litigant does not have a right to counsel in a civil case, Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in finding lawyers to represent them. Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007). A

2

party who wants assistance from the court in recruiting counsel must meet several requirements. Santiago v. Walls, 599 F.3d 749, 760-61 (7th Cir. 2010). First, he must show that he is unable to afford to hire his own lawyer. 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). Plaintiff has met the first requirement because the court has determined that he is indigent.

Second, he must show that he made reasonable efforts on his own to find a lawyer to represent him. Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992). To prove that he has made reasonable efforts to find a lawyer, plaintiff must submit copies of letters from at least three lawyers who have declined to represent him in this case, or alternatively, a sworn declaration that includes the date on which he contacted three lawyers regarding this case and a copy of the letters he sent to them. Plaintiff has not yet met this requirement.

Third, plaintiff must show that his is one of the relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the litigant's demonstrated ability to prosecute it. Pruitt, 503 F.3d at 654-55. "The question is not whether a lawyer would present the case more effectively than the pro se plaintiff" but instead whether the pro se litigant can "coherently present [his case] to the judge or jury himself." Id. at 655. Almost all of this court's pro se litigants would benefit from the assistance of counsel, but there are not enough lawyers willing to take these types of cases to give each plaintiff one. I must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." McCaa

3

v. Hamilton, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

Plaintiff has not identified any particular reason why he needs a lawyer, beyond stating that he wants to make sure that his complaint was filed correctly. However, his complaint has been accepted by the court, defendants have filed an answer and a schedule has been set. In addition, at this stage, the case does not appear to be complex. Plaintiff's suit raises discrete questions about a single incident when defendants allegedly delivered the wrong medication to him and then failed to provide him medical care afterward. Plaintiff's submissions suggest that he is intelligent, understands the law and is capable of explaining his version of events and making legal arguments. I set forth the law governing plaintiff's claims in the previous screening orders. Plaintiff's job going forward will be to apply the facts to the legal framework set out by the court.

Finally, plaintiff should know that the court would recruit counsel for every pro se plaintiff who asked for one if there were enough volunteer attorneys to take on such representation. The fact is that there are not. Each year more than 300 lawsuits are filed in this district by pro se plaintiffs, most of whom are in state custody. Few lawyers have the time, willingness and expertise in civil rights litigation to accept appointments and not all of them volunteer to handle one new case a year. Between 2016 and 2017, for example, the court was able to find approximately 17 volunteer lawyers to represent pro se litigants. In the past year, the court has had little success in finding counsel for a number of more complex cases, although the effort to do so is continuing. In the meantime, the claims of these litigants have been delayed significantly. Even for a simple case, it often takes months

for the court to locate counsel willing to accept the case. Although the court is continually trying new approaches to recruiting counsel, there continue be many more litigants who want the help of counsel than there are counsel who can fill that need. For this reason, the court must carefully consider each plaintiff's abilities and the complexities of the claim in determining whether to recruit counsel in any particular case.

For these reasons, I will deny plaintiff's request for court assistance in recruiting counsel without prejudice. If later developments in the case show that plaintiff is unable to represent himself, he is free to renew his motion for court assistance in recruiting counsel at that time.

ORDER

IT IS ORDERED that plaintiff LeAnder J. Gregg's motions to supplement his complaint, dkt. #25, and for court assistance in recruiting counsel, dkt. #26, are DENIED.

Entered this 14th day of November, 2019.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge