IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEANDER J. GREGG,

                                                          OPINION AND ORDER

                Plaintiff,

                                                          19-cv-133-bbc

     v.

CORRECT CARE SOLUTIONS,
OFFICER NICHOLAS KERNS,
OFFICER DANIEL OATES
and DAVID PETERSON,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff LeAnder J. Gregg is proceeding on claims under the Eighth and Fourteenth Amendments that staff at the Eau Claire County jail gave him medication belonging to another inmate and then refused to provide him medical treatment after he suffered adverse affects. Before the court is a motion to dismiss filed by defendants Nicholas Kerns and Daniel Oates, officers at the jail, on the grounds that plaintiff failed to exhaust his administrative remedies before filing this lawsuit. Dkt. #35. The remaining defendants, Correct Care Solutions and Nurse David Peterson, have joined the motion to dismiss filed by Kerns and Oates. Dkt. #39. Because defendants have established that plaintiff failed to exhaust his jail remedies before filing this lawsuit, I will grant the motion to dismiss.

Also before the court are plaintiff's motion for a directed verdict, dkt. #56, and motion for summary judgment, dkt. #59. Because I am dismissing this case, I will deny plaintiff's motions as moot.

1

OPINION

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025. The purpose of these requirements is to give the jail or prisoner administrators a fair opportunity to resolve the grievance without litigation. Woodford v. Ngo, 548 U.S. 81, 88–89 (2006). A failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proved by the defendants. Davis v. Mason, 881 F.3d 982, 985 (7th Cir. 2018).

To exhaust remedies at the Eau Claire County jail, an inmate must submit a grievance form to a jail officer within 24 hours of the incident being grieved. Dkt. #37, ¶ 5. If the inmate is dissatisfied with how the officer resolves the grievance, the inmate may appeal to the sergeant on duty within two days. An inmate may appeal the decision of the sergeant on duty to the lieutenant, the decision of the lieutenant to the jail captain, and the decision of the jail captain to the sheriff. The sheriff is the final decisionmaker for the grievance procedure.

The facts relevant to defendants' motion are undisputed. Plaintiff was booked at the jail on June 15, 2018, at which time he was told about the inmate handbook and jail rules, including the grievance procedure. On July 19, 2018, plaintiff was given the wrong medication by defendant Officer Oates. Plaintiff filed a timely grievance the following day, on July 20, 2018, stating that Oates had given him an antibiotic the previous night, instead of ibuprofen, and that he had gotten sick. Dkt. #37-3. The grievance was forwarded to nursing staff. Defendant Nurse Peterson responded on July 21, apologizing for the error and stating that plaintiff would have no short or long term side effects from the antibiotic he received, other than the upset stomach he had experienced the previous night. After receiving Peterson's response, plaintiff did not appeal to the sergeant.

Approximately five months later, on December 18, 2018, plaintiff submitted another grievance form, directed to defendant Officer Kearns, raising several questions and complaints about the July 19 incident. Dkt. #37-4. A sergeant responded on December 19, 2018, stating that if plaintiff had had a complaint he should have raised it at the time of the July incident. On December 19, plaintiff appealed the sergeant's response to the lieutenant. On January 7, 2019, a lieutenant responded that he was not going to accept plaintiff's appeal because plaintiff could have pursued the grievance process in July 2018 but had chosen not to. Dkt. #37-5. Plaintiff did not appeal the lieutenant's decision to the jail captain or sheriff.

Defendants contend that because plaintiff did not appeal the decision on his first grievance in July, he failed to exhaust his administrative remedies. I agree. Under the jail's

3

grievance procedures, plaintiff was required to appeal any decision that he was unsatisfied with. Plaintiff was clearly unsatisfied with the response to his initial grievance, as he raised several additional complaints and arguments in the second grievance he filed in December 2018. By that time, plaintiff was well beyond the date by which he could submit a timely grievance or appeal under the jail's rules.

Plaintiff contends that he could not complete the grievance procedure because the lieutenant who reviewed his December 2018 grievance told him that his grievance was untimely and would not be considered. But this argument does not address plaintiff's failure to file a timely appeal in July. Plaintiff has not alleged that he requested or tried to submit a timely appeal and was prevented from doing so. Nor does he say that he was told not to submit an appeal in July 2018. Therefore, the undisputed evidence shows that plaintiff failed to exhaust his administrative remedies.

## ORDER

IT IS ORDERED that

1. The motion to dismiss filed by defendants Nicholas Kerns and Daniel Oates, and joined by defendants Correct Care Solutions and David Peterson, dkt. #35, is GRANTED. Plaintiff LeAnder J. Gregg's claims are DISMISSED without prejudice for failure to exhaust his administrative remedies before filing suit.

2. Plaintiff LeAnder J. Gregg's motion for a directed verdict, dkt. #56, and his motion for summary judgment, dkt. #59, are DENIED as moot.

3. The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 3rd day of June, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge