June, 9 2020

Leander J. Gregg
    v.
State of Wisc. Et. Al.

## Motion to Appeal

RECEIVED
2020 JUN 12 AM 10:01

Case No. 19-CV-133-BBC

### OPINION C.

I Leander J. Gregg (Plaintiff) would like to appeal the judgement entered in favor of the defendants due to the fact that even if exhaustion of administration remedies did not happen on my end because of the fact that my constitutional rights were violated my case cannot be dismissed and under the Seventh Amendment I deserve the right to trial by jury. I was unable to file a grievance within 2 days of the first grievance because I was more concerned with my health at that time. I don't think the courts or staff at Eau Claire County Jail fully understand how sick I had gotten but I could barely get out of bed to eat because I was weak, vomitting, and felt like I wanted to die. How can I focus on the grievance chain when my primary concern was my health that was completely ignored by nursing staff days after the incident happened. The only thing they gave me days after the incident was Tums even though me and my cellmate repeatedly told jail staff that I did not feel well since the incident. It is not constitutional that no one cared enough to investigate the incident or give me medical hospital care

After not only the 1st day of me continually having health issues due to ingesting the medication, not even after 2 days of being sick. I asked the nurse during med pass on the third day, then the fourth, and the fifth day all I received was Tums which is on record. At what point does the jail, administration, or jail staff, or nurse staff say to themselves, ok something isn't right and this person needs emergency care. It was the scariest week of my life and during that week exhausting my administrative remedies was the last thing on my mind, filing a lawsuit was the last thing on my mind, the violation of my constitutional rights was the last thing on my mind. The last thing I had in my mind was the grievance process because the nurse admitted fault. At that time the only thing I had on my mind was "Am I gonna live or am I gonna die"... period! If this is the United States of America that this injustice happened then there is no way shape and form under the constitution that this case can be dismissed because civil rights is what the constitution was created for and congress is here to protect those rights no matter what, bottom line! After about a week and a half after the incident happened and I started to feel better I looked back at the neglect I endured day after day of receiving only Tums instead of being taken to

THE HOSPITAL LIKE I ASKED. I ASKED MY CELLMATE CAMERON WITNEBEL, THE STAR WITNESS IN MY CASE TO ASK HIS ATTORNEY TO LOOK INTO WHAT HAPPENED AND I ALSO SENT HIM A LETTER. I DIDN'T GET A RESPONSE FROM THAT ATTORNEY UNTIL SOMETIME IN AUGUST. IN THAT LETTER THAT ATTORNEY TOLD ME THAT IT WASN'T NECESSARILY THE FACT THAT THEY MADE A MISTAKE BY GIVING ME THE WRONG MEDICATION, BUT THE TRUE VIOLATION WAS THE AFTERCARE THAT THEY DID NOT PROVIDE DAYS AFTER THE INCIDENT HAPPENED AND I WAS SICK. I WAS RELEASED FROM JAIL THAT SAME WEEK AND WAS PREPARING TO FILE ADDITIONAL GRIEVANCES BECAUSE AFTER READING THE RESPONSE OF THE ATTORNEY I KNEW I SUFFERED A GREAT INJUSTICE, I WAS HONESTLY SCARED TO RESPOND OR GRIEVE THE INCIDENT BECAUSE I THOUGHT THAT THE JAIL WAS TRYING TO KILL ME. I WAS HAVING NIGHTMARES, THE JAIL AND NURSE STAFF IGNORED ALL MY PLEAS FOR HELP THE DAYS AFTER THE INCIDENT HAPPENED. NONE OF THE ADMINISTRATION INVESTIGATED THE INCIDENT. I DID NOT KNOW WHAT TO DO OR WHERE TO TURN BUT I DID TELL NURSE STAFF AND JAIL STAFF REPEATEDLY THAT I DID NOT FEEL WELL, THAT I WAS VOMITING UP EVERYTHING I EAT

AND IN RESPONSE THE NURSE SAID I WOULD BE OK. JAIL STAFF SAID THE NURSE SAID I WAS GOING TO BE FINE. I WAS CAUGHT IN A CATCH 22, BUT THE ONE THING I KNEW FOR SURE WAS THAT THIS WAS NOT AN ACCEPTABLE RESPONSE BECAUSE "I" DIDN'T KNOW I WOULD BE OK. I EVEN TALKED TO CAMERON WITNEBEL MY CELLMATE AND STAR WITNESS OF THE CASE CONSTANTLY ABOUT NOT KNOWING WHAT TO DO BECAUSE NO ONE BELIEVES THAT I'M REALLY SICK AND THAT THE JAIL WON'T TAKE ME TO THE HOSPITAL. HE IS THE ONLY PERSON THAT TOOK CARE OF ME AND I AM VERY BLESSED AND GRATEFUL HE WAS THERE FOR ME WHEN THE JAIL STAFF WASN'T THERE FOR ME. I EVEN EXPERIENCED SO MUCH EMOTIONAL DISTRESS FROM THIS INCIDENT THAT I TALKED TO KELSEY THE MENTAL HEALTH COORDINATOR ABOUT THE BAD DREAMS I WAS HAVING AND THAT I HAD THOUGHTS THAT THE NURSING AND JAIL STAFF WAS TRYING TO KILL ME BY NOT TAKING ME TO THE HOSPITAL. I TOLD HER ABOUT MY REOCCURING DREAMS I ENDURED OF THE JAIL AND NURSE STAFF GIVING ME MEDICATION AND NOT TAKING ME TO THE HOSPITAL. SHE EVEN PRESCRIBED ME AN ANTIDEPRESSANT BECAUSE OF THE JULY 15TH INCIDENT, LIKE I

SAID IT WAS THE SCARIEST WEEK OF MY LIFE, MY CONSTITUTIONAL RIGHTS WERE VIOLATED AND FROM THAT POINT ON IT WAS MY CHOICE TO PURSUE REMEDY HOWEVER I CHOSE. AT THAT POINT WHAT COULD A STATE LEVEL ADMINISTRATION DO TO REMEDY A FEDERAL LEVEL VIOLATION ANYWAYS? NOTHING AT ALL. AND I HAVE CASELAW TO BACK UP THE FACT THAT CONGRESS HAS TO PROTECT MY CONSTITUTIONAL RIGHTS AND WHY I AM RESPECTFULLY ASKING THAT THIS CASE IS APPEALED AND IF NECESSARY TAKEN TO THE SUPREME COURT... PERIOD. MY SUMMARY REPORT AT THAT POINT IS NOT MOOT AND SHOULD BE CONSIDERED.

## ARGUMENT

The purpose of this following argument is my attempt to make a substantial showing of the denial of a constitutional right, instead of arguing that the District Court's procedural rulings were wrong. My right to appeal shall prevail because in my summary judgement I presented a substantial showing of the denial of a constitutional right in which no state administration can remedy. Only the federal courts can remedy a federal offense. In that case I would have to object the magistrates findings on exhaustion to have the right to challenge the magistrate's factual

findings but retain my right to appeal the magistrate's conclusions of law which would be found in my summary judgement. (REF.- BAXTER V. SULLIVAN, 923 F. 2d 1391, 1394 (9TH CIR. 1991). When a grievance procedure does not specify the requisite level of detail needed to exhaust a claim the standard enunciated in the Seventh Circuit applies. (REF.- GRIFFIN V. ARPAIO, 557 F. 3d 1117, 1120 (9TH CIR 2009)) That standard provides: when the administrative rulebook is silent, a grievance suffices if it alerts the jail to the nature of the wrong for which redress is sought. As in a notice pleading system, the grievant need not lay out the facts, articulate legal theories, or demand particular relief. All the grievance need do is object intelligibly to some asserted shortcoming. (REF. STRONG V. DAVID, 297 F. 3d 646, 650 (7TH CIR. 2002). As long as I alerted the jail to the nature of wrong for which redress is sought I in fact exhausted my remedies against the jail once I recieved a response from the Nurse alone and not a response from the jail administration/staff. The nature of the incident in fact needed to be responded to and redressed by either a sergeant, Lieutenant, Jail Captain, or Sheriff. No response was made by any of those administrative officials when it should have been in order for me to take it to the next level

of exhaustion. Under the color of Wisconsin state law once a serious medical issue is promulgated and grieved the administration has the duty to investigate and redress this issue in which they failed to do so. The response of my grievance by only the nurse makes it an incomplete redress because administrators did not respond in a timely manner to my initial grievance... Period! The Nurse cannot respond to the mistake that an officer made he can only respond to his own mistake which was the fact that he gave the wrong meds, he can not respond to the actions of a Eau Claire Correctional officer administering the wrong medication. That issue was never redressed by jail administration in a timely matter which is a violation of the grievance procedure and shows that exhaustion of the initial grievance administration remedies were met. Even where exhaustion is seemingly mandated by statute or decisional law, the requirement is not absolute. The Supreme Court itself has recognized exceptions to the exhaustion requirement under "three broad sets of circumstances." (REF. - McCARTHY, 503 U.S. at 146, 112 S. Ct. 1081.). The Supreme

Court states that "exhaustion" is unnecessary where the administrative process would be incapable of granting adequate relief. See McCarthy, 503 U.S. at 147, 112 S. Ct. 1081. WHEN I WAS administered an unprescribed prescription medication by Officer Ortes and then denied medical care by Officer Kernes those actions violated Constitutional Rights of myself in which the jail administration was incapable of granting adequate relief through the administrative process. Only the Federal Courts are able to grant adequate relief for those Constitutional violations. And to add to this argument how can I exhaust the grievance chain process when I was never given a response from the administration. Nurse David Peterson R.N. is not apart of the Eau Claire County Jail Administration which in turn means that the grievance which I submitted on July 20TH 2018 was in fact never officially responded to by jail staff or administration within a timely matter which is why I am respectfully asking for this appeal and should be respectfully granted permission to proceed with this appeal either in the district court or

as I wish in the United States Supreme Court. This case should have never been granted judgement in favor of the defendants and my Summary Judgement should have never been labeled as having no practical significance when in fact it subjectively and objectively shows the direct violation of my Amendment Rights and those rights "shall" in fact be protected by congress and the United States Federal courts... Period! Unless the District Court Grants me to bring my claims to the relevant agency first, but in light of the unusual circumstances and lack of response by the jail administration in response to my initial grievance I should in fact qualify for exception to exhaustion. The fact that the Eau Claire Jail Administration cannot remedy a Constitutional claim by law that is enough to grant me this exception. And to further explain my first point on the response I received for my first grievance I'll conclude with this point (Ref. King v. Falco (S.D.N.Y., 2018) Failure to exhaust under the PLRA is an affirmative defense. (Jones v Bock, 549 U.S. 199, 216 (2007). A plaintiff is not required to plead exhaustion, so when a prisoner or inmate indicates that he has taken some steps toward exhaustion district courts

will normally not infer from his silence that he failed to take the remaining steps that full exhaustion would require." Huggins v. Schiro, 2015 WL 7345750, at *3 (S.D.N.Y. Nov. 19 2015) Dismissal under Rule 12(b)(6) for failure to exhaust is thus appropriate only where nonexhaustion is apparent from the face of the complaint." (REF - ROLAND V. SMITH, 907 F. Supp. 2d 385, 388 (S.D.N.Y. 2012). If "ambiguity exists as to whether a plaintiff exhausted his administrative remedies," courts generally deny motions to dismiss on this ground. Huggins v. Schiro, 2015 WL 7345750, at *3. Here, plaintiff alleges he submitted two grievances concerning his inadequate medical care on January 12 and February 20, 2016. At the very least "ambiguity exists" as to whether these grievances exhausted plaintiff's administrative remedies." More specifically, it is unclear whether the "Jail" addressed "all" issues raised in the plaintiff's first grievance. This translates to my case to prove "ambiguity" in this way. Nurse David Peterson responded to my grievance and admitted to his wrongs and participation in the incident that took place on July 19th 2018, but the jail however never gave a response at all to the mistake Nurse David Peterson made or a response to Officer Oates mistake of giving me the wrong meds. Without this response from the jail administration concerning all issues raised in my first grievance the Court cannot conclude as a matter of law that I the plaintiff failed to exhaust administrative remedies. No judgement should have been granted to the defendants!

LeAndre Gregg